# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BANK OF AMERICA, N.A.,

Plaintiff(s),

v.

GIAVANNA HOMEOWNERS ASSOCIATION, et al.,

Defendant(s).

Case No. 2:16-CV-329 JCM (NJK)

ORDER

Presently before the court is defendant Premier One Holdings, Inc.'s ("Premier") motion to dismiss. (ECF No. 42). Plaintiff Bank of America, N.A. ("BANA") filed a response. (ECF No. 44). Premier has not replied, and the period to do so has since passed.

## I.   Facts

This case involves a dispute over real property located at 3817 Bella Legato Avenue, North Las Vegas, Nevada, 89081 (the "property").

On March 6, 2014, Nevada Association Services, Inc. ("NAS") filed a complaint in interpleader against BANA and various defendants in Nevada state court (case no. A-14-697287-C). (ECF No. 42-1). On July 28, 2014, BANA filed a counterclaim against Premier. (ECF No. 42-2). On October 23, 2014, Premier filed a counter-counterclaim against BANA, NAS, Absolute Collection Services, LLC ("ACS"), and Red Rock Financial Services, LLC ("Red Rock"). (ECF No. 42-3). In that counter-counterclaim, Premier sought, *inter alia*, to quiet title as to several properties, including the subject property in the instant matter (3817 Bella Legato Avenue). (ECF No. 42-3 at 5). On October 25, 2016, NAS, Premier, BANA, Mortgage Electronic Registration Systems, and Countrywide Home Loans, Inc. stipulated to stay the state court action pending full

**James C. Mahan**
**U.S. District Judge**

resolution of the issues by the Ninth Circuit and the Nevada Supreme Court. (ECF No. 42-4). The state court entered an order granting the stay the next day. (ECF No. 42-4).

On February 18, 2016, BANA filed the instant complaint against Giavanna Homeowners Association (the "HOA"), Premier, and ACS, alleging four claims for relief: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against ACS and the HOA; (3) wrongful foreclosure against ACS and the HOA; and (4) injunctive relief against Premier. (ECF No. 1).

In the instant motion, Premier moves to dismiss BANA's complaint because a state court action involving the same factual and legal issues related to the subject property has existed since March 2014. (ECF No. 42).

## II. Legal Standard & Discussion

Ordinarily, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011), *certified question answered sub nom. Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103 (Nev. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). "However, '[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation.'" *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 292).

In *Chapman*, the Ninth Circuit found that the United States Supreme Court's prior exclusive jurisdiction doctrine "is a mandatory jurisdictional limitation" and held, in relevant part, as follows:

> Accordingly, where parallel state and federal proceedings seek to "'determine interests in specific property as against the whole world'" (*in rem*), or where "'the parties' interests in the property . . . serve as the basis of the jurisdiction'" for the parallel proceedings (*quasi in rem*), then "the doctrine of prior exclusive jurisdiction fully applies." [S*tate Eng'r v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 810 (9th Cir. 2003)] (alterations omitted) (quoting *Black's Law Dictionary* 1245 (6th ed.1990)).

*Id.* at 1043–44; *see also United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989); *accord Penn Gen. Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935); *In re Simon*,

153 F.3d 991, 996 (9th Cir. 1998); *Metro. Fin. Corp. of Cal. v. Wood*, 175 F.2d 209, 210 (9th Cir. 1949).

The Ninth Circuit has made clear that, "[t]he purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the res upon which jurisdiction of each depends." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989) (citing *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)).

The property at issue in BANA's quiet title and wrongful foreclosure claims is also the subject of Premier One's counter-counterclaim filed in Nevada state court. Under Nevada law, quiet title and wrongful foreclosure are considered *in rem* or *quasi in rem*; therefore, the prior exclusive jurisdiction doctrine applies. *Chapman*, 302 P.3d at 1107. Any damages recovered with respect to BANA's wrongful foreclosure claim are "incidental to the central relief requested in the complaint: possession of, and title to, the property." *Chapman*, 651 F.3d at 1046.

"[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co.*, 294 U.S. at 195. Jurisdiction attaches upon the filing of the complaint. *Id.* at 196; *Chapman,* 651 F.3d at 1044–45.

NAS filed the state court action on March 6, 2014, and Premier filed its counter-counterclaim against BANA relating to the subject property on October 23, 2014. Consequently, the Nevada state court first asserted jurisdiction over the proceedings in 2014—well before BANA commenced this action in 2016. Because this court assumed jurisdiction over BANA's quiet title action after the state court exercised jurisdiction over Premier One's quiet title action, the state court's exercise of jurisdiction takes priority.

Further, the *Colorado River* abstention bars this court from asserting jurisdiction over BANA's complaint. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). In *Colorado River*, the Supreme Court derived a list of factors that weighed in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." *Id.* Federal courts must consider: "(1) whether either the state or federal court has exercised jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal

litigation; and (4) the order in which the forums obtained jurisdiction." *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 818). Relevant here, the Supreme Court derived the first factor from cases applying the prior exclusive jurisdiction doctrine. *See Colorado River*, 424 U.S. at 818.

Consistent with those principles, the Ninth Circuit has made clear that when there are "pending state court proceedings" involving a single property, the first *Colorado River* factor bars federal courts from exercising jurisdiction over that property because "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *40235 Washington St. Corp.*, 976 F.2d at 588–89 (holding that when the first *Colorado River* factor is applicable, it is "dispositive," and consideration of the other factors is unnecessary).

Accordingly, claims (1), (3), and (4), which all require *in rem* or *quasi in rem* jurisdiction over the property, are dismissed without prejudice. Further, the court also dismisses claim (2) without prejudice, not based upon the prior exclusive jurisdiction rule, but under 28 U.S.C. § 1367(c)(3).

Furthermore, dismissal of claims (2) and (3) is also appropriate under NRS 38.330, and dismissal of claim (4) is also proper under the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Premier One Holdings, Inc.'s motion to dismiss (ECF No. 42) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

1 IT IS FURTHER ORDERED that BANA's motion for summary judgment (ECF No. 34) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 39) be, and the same hereby is, DENIED as moot.

The clerk is instructed to close the case.

DATED April 27, 2017.

                                                          UNITED STATES DISTRICT JUDGE